## JESSE W. IVY *v.* JOHN H. WALKER.

1. PARTNERSHIP. *Sale of goods to partner. Action at law. Case in judgment.*
   I. and W. were partners in a mercantile business. M. proposed to I. to buy their stock of goods, at the invoice price, if he could sell to them or to I. a tract of land, at a price named by him, and which exceeded in amount the value of the goods. I. communicated the proposition to W., and asked him if he was willing to take an interest in the land, and W. replied in the negative. I. then offered to take the goods at ten per cent less than the invoice price. W. assented, and thereupon I. sold the stock of goods to M. and bought his land, paying the difference between the values thereof out of his

private means. I. charged himself on the books of the firm, composed of himself and W., with the invoice price of the goods, less ten per cent. At the time of this transaction there were debts due the firm to a large amount, and the firm owed some debts, including one to I. for several thousand dollars. About three years thereafter, the partnership affairs still being unsettled, W. brought an action at law against I. to recover one-half of the price of the goods. From the time of the sale to the commencement of the action no demand was made by W. for any part of the price of the goods; nor was any claim made by him to I. that he was entitled to receive one-half of such price as his individual right, independent of a settlement of the partnership accounts. *Held,* that the action is not maintainable, the plaintiff's only remedy, if he be entitled to any, being by a bill in equity.

2. Same. *Remedy of one partner against another. General rule.*
It is a general rule that no action at law can be maintained by a partner against his associate for money arising out of and connected with the partnership business, until there has been a settlement of the partnership accounts. A partner's interest in the partnership effects is not his aliquot part thereof, or of any portion of them, but is his proper share in the balance or surplus remaining after the payment of the partnership debts, and after a settlement of the accounts between the partners.

3. Same. *Action by one partner against another. Exception to general rule.*
To the general rule of law above stated there is an exception which allows one partner to sue another at law for a balance found due on a partial settlement between them, or for a sum which one undertakes to pay to the other (not to the firm) upon a transaction between them concerning property which was once partnership assets, but which they have separated from the society effects. But a sale by the two partners composing a firm, to one of themselves, who by the purchase becomes a debtor of the firm, and not to the other partner, separately or as an individual, does not come within this exception.

4. Instruction. *When not authorized by the evidence.*
An instruction to the jury based upon the existence of facts which there is no evidence tending to prove is erroneous.

Error to the Circuit Court of Marshall County.

Hon. J. W. C. Watson, Judge.

The case is stated in the opinion of the court.

*Fant & Fant,* for the plaintiff in error.

The first and third charges for plaintiff below are open to serious objections. In the first place, they apparently, if not actually, say to the jury that the question of a partnership is an immaterial one, and not worthy of notice; and in the second place, they assume a fact which, according to all the testimony, did not exist. And that is, in the language of No.

1, that " Walker sold his interest for a *certain sum, which Ivy agreed to pay Walker.*" And in the language of No. 3, that "Ivy purchased the interest of Walker, and agreed to pay him (Walker) a *definite and specific sum therefor.*"

No witness in the case, not even the plaintiff, testified that there. ever was any certain or specific price agreed to be paid to Walker for his interest. Now, for the Circuit Court to assume, in its charge to the jury, the existence of a material fact of which there is no proof, has been held in this State to be error. *Dix* v. *Brown*, 41 Miss. 134; *Clark* v. *Edwards*, 44 Miss. 788; *Shelby, Admrx.,* v. *Offutt, Admr.*, 51 Miss. 135, 136.

Why did Walker sue for $1,003.95? and why did the jury award him this amount? Manifestly, because the goods inventoried about $2,200, and on the idea that he was entitled to one-half absolutely; and the jury were substantially instructed that this was true.

We respectfully submit that this was erroneous. It is not a logical conclusion, from the premise, that he was an equal partner. Because, when the whole stock was sold, each partner would only be entitled to one-half the *surplus*, after full payment of the joint debts. It is admitted that the firm owed Ivy at the time $6,000, besides a good many other debts; that its own assets were uncollected, and many of them uncollectible; that this state of things existed when this suit was brought. Both partners have for several years collected money due the firm, and both have paid debts. Both partners had accounts with the firm. Under such circumstances, is it possible to arrive at the interest of the partners without taking and stating an account, charging each with what he has received, and crediting him by what he has paid out? And was it possible to do this at law, by a jury trial? Our view of the case is supported by the following authorities: *Murdock* v. *Martin*, 12 Smed. & M. 660; *Hunt* v. *Morris*, 44 Miss. 314; *Stegall* v. *Coney & Rice*, 49 Miss. 761; *Stegall* v. *Coney &*

*Rice*, 51 Miss. 323. In this last case the court say : "It is well settled that an individual partner has no other interest or share in the partnership property except the surplus after full payment of the partnership debts and liabilities. Each member has a right to have the firm assets applied to the joint debts before an individual partner, or his representative, or assignee, or personal creditor, can have a separate claim thereto ;" and cite many authorities. 51 Miss. 327, 328.

*Randle* v. *Richardson*, 53 Miss. 176, is a case very similar to the one at bar. There, one partner sold the entire stock and charged himself with the invoice price, and Justice Campbell, in delivering the opinion in the case, uses this language, which is sound law: "This cause should be referred to a master, to state an account between the parties on the basis of equality. Each should be credited with his advances to, and charged with his receipts from the partnership."

*Arthur Fant*, of counsel for the plaintiff in error, argued the case orally.

*Featherston & Harris*, for the defendant in error.

Walker and Ivy were partners in the mercantile business, at Mount Pleasant, Mississippi, and had been for some years. On the 6th of March, 1876, Walker sold his half-interest in the stock of goods the firm then had on hand to his partner, Jesse W. Ivy, for $1,003.95. This suit was brought on that contract, to recover the sum of $1,003.95 so agreed to be paid by Ivy to his partner, Walker. The contract was valid: the partners had the legal right to make it, and a court of law has jurisdiction to enforce it. *Sturges* v. *Swift*, 3 Geo. 340, 341 ; *Anderson* v. *Robertson*, 3 Geo. 342, 343 ; *Hunt* v. *Morris*, 44 Miss. 314, 316 ; *Lesley* v. *Rosson*, 10 Geo. 368 ; *Terry* v. *Carter*, 3 Cushm. 168 ; *Bonnaffee* v. *Fenner*, 6 Smed. & M. 215 ; 12 Smed. & M. 660 ; *Morgan* v. *Nunes*, 55 Miss. 312, 313 ; Coll. on Part. 269, 272, 274, 275, 280, 281.

It is immaterial whether the firm of J. W. Ivy & Co. was formally dissolved or not, and such dissolution cannot affect

this case.   The suit is brought on a contract made by the two
partners, who were capable of contracting, and who did con-
tract.    Nothing but a legal defence can be set up to this action.
Ivy could not set up as a defence to the action that the firm of
J. W. Ivy & Co. was indebted to him ; nor could he plead in
his defence that he had paid debts for said firm.    These would
not be legal offsets, and would present matters foreign to this
issue.    The proof shows that the firm of J. W. Ivy & Co. was
solvent in 1876, and had then, and still has, a large sum of
money due to it from solvent debtors ; but whether this be
true or false does not affect the issue in this case.    The con-
tract declared on is a valid one, and no legal defence has been
interposed to prevent a recovery.    The charges asked by the
plaintiff in error and refused by the court, and so marked in
the record, were properly refused, because there is no testi-
mony in the case to which they could be made applicable, even
if they embody correct principles of law.    We submit that
the charges given for the defendant in error will be found
without objection.    The action of the court in overruling the
motion for a new trial was, in view of the law and the testi-
mony in the case, eminently wise and proper.    A new trial
should never be granted unless the verdict be manifestly
wrong, or clearly against the preponderance of the evidence.
*Brown* v. *Forbes*, 8 Smed. & M. 498 ; *Sims* v. *McIntyre*, 8
Smed. & M. 324 ; *Peck* v. *Thompson*, 1 Cushm. 367 ; *Gar-
land* v. *Stewart*, 2 Geo. 314 ; *Gay* v. *Lemle*, 3 Geo. 309 ;
*Harris* v. *Halliday*, 4 How. 338 ; *Watson* v. *Dickens*, 12 Smed.
& M. 608.

In this case the verdict is based on and supported by the
preponderance of the evidence.

Again : a new trial should never be granted where substan-
tial justice has been done and the same result would be
reached on a second trial, although some of the charges may
be erroneous.    Substantial justice has been done in this case,
and a second trial would result in favor of the defendant in
error.    The sale of the entire stock of goods by Ivy to Mor-

gan, and then pocketing the proceeds of the sale, charging himself with the proceeds on the books of the firm and refusing to pay Walker for his interest in the stock, as he had contracted and promised to do, shows anything but fair dealing on his part. We submit that the action of the Circuit Court in this case should not be disturbed.

*W. S. Featherston*, of counsel for the defendant in error, argued the case orally.

GEORGE, J., delivered the opinion of the court.

The parties to the controversy were partners in a general mercantile business, and on the sixth day of March, A. D. 1876, they owned a stock of goods worth at first cost about $2,200, and had outstanding and due them debts to the amount of $20,000, part of which was good and part worthless. The firm also owed debts, and among them a debt to plaintiff in error, Ivy, amounting to six or seven thousand dollars. On that day a sale of the stock of goods was made to one Morgan, at the invoice price; and the question at issue in this case is whether the circumstances connected with said sale authorized the inference that Ivy, prior to the sale to Morgan, bought the interest of Walker in the goods for a specific sum, which was to be paid directly by Ivy to Walker. The evidence shows that a day or two before the said 6th of March, Ivy, and Morgan, the purchaser, had some negotiations about a sale of the stock to Morgan, in which Morgan proposed to take the stock at invoice price if he could sell to Ivy or the firm a tract of land at a price named by him, and which exceeded in amount the value of the goods. Ivy was unwilling to make the trade without the consent of Walker, and he mentioned to Walker the negotiations, and asked him if he was willing to take an interest in the land. Walker said he was not. Ivy then said that the price demanded by Morgan for the land was high, and asked Walker if he was willing for him to take the stock of goods at ten per cent less than invoice price; to which Walker assented. Ivy thereupon sold the stock to

Morgan and bought his land, paying him the balance, not settled by the stock, out of his private assets. An invoice was taken, and amounted to about $2,200; and Ivy charged himself on the books of the firm with the amount, less ten per cent. The partnership affairs are still unsettled, there being both claims to collect and debts to pay. On March 5, 1879, being three years, lacking only one day, after this sale, Walker commenced this action against Ivy for one-half the price of the goods. From the time of the sale to the beginning of the suit no demand was made by Walker for the price of the goods, nor was any claim made by him to Ivy that he was entitled to receive the one-half of the price of the goods as his individual right, disconnected from a settlement of the partnership accounts.

On this state of facts the jury found for the plaintiff; and, a motion for a new trial being overruled, the cause is brought here for review.

We think the learned judge who presided in the court below erred in refusing a new trial, and also in some of the charges given at the instance of the plaintiff.

It is well settled that no action at law can be maintained by one partner against his associate for money arising out of and connected with partnership business, until there has been a settlement of the partnership accounts. This results from the principle that a partner's interest in the partnership effects is not his aliquot part thereof, or of any particular portion of them, but is his proper share in the balance or surplus remaining after the payment of the partnership debts and after a settlement of the accounts between the several partners.' A debt due by the firm to one of the partners is a partnership liability, and must be paid, like other debts, before a division of the surplus among the partners can been forced by judicial proceedings. The remedy of a partner to reach this surplus where no settlement of the accounts has taken place, is by bill in equity.

This is the general rule, but there is an exception to it which

allows one partner to sue another at law for a balance found due by the defendant to the plaintiff on a partial settlement between them, or for a sum which one partner undertakes to pay to the other (not to the firm) upon a transaction between them concerning property which was once partnership assets, but which they have separated from the society effects. There is nothing in the mere relation of partners which prevents one from suing another at law; the inability grows out of the subject-matter of the suit involving the settlement of the rights of partners in the firm assets, which a court of law is incompetent to make. This exception is well stated by Parsons (Pars. on Part., side p. 282) thus: "As it is perfectly well settled that a partner may sue his copartner on a cause which never pertained to the partnership, it seems quite as certain that he shall have his action for a cause which he can show to have been cut out from the partnership by himself and his partners jointly, and to be as completely separated from it as if there had never been any connection between them." It must be shown that the partners have clearly and distinctly separated the property on which the action is based from the partnership effects, and that they have agreed to treat and consider it as insulated from the partnership business.

The transaction in controversy here does not come within this exception. It was but a sale by the partners, both consenting, to one of them, who by the purchase became a debtor to the firm, and not to the other partner separately and as an individual. There is nothing to suggest that the partners intended to separate the proceeds of the sale from the partnership effects or the firm accounts. There was no sale of the separate interest of Walker to Ivy, and no promise by the latter to the former to pay him separately the price of the goods, or any part of it. On the contrary, all the circumstances point to the opposite conclusion. The sale was of the whole stock to one of the partners, who, through the purchase, became the separate owner by the transfer to him of the title of the firm. There was no express promise to pay for the goods,

but the law implied a promise to pay the value to the owner and seller, which was the firm, and not to Walker, one of the partners.    The firm also was in debt, and Ivy was a large creditor.    He had a lien in equity on the goods and on their proceeds, to secure the payment of all the debts due by the firm, including his own ; and he ought not to be held to have waived or surrendered this security unless the proof shows that he intended to do so, or that a waiver was the necessary result of the transaction.    He entered the proceeds of the sale on the books of the firm to its credit, and to his debit. Walker, though he did not have possession of the books, had the power and the right to inspect them, and must be held to have had notice of this entry.    The matter thus stood for three years without any objection on the part of Walker, or demand made for the payment of his alleged share of the money. This long acquiescence without complaint removes all doubt, if any existed, as to the nature of the transaction, and, with the other circumstances, renders it certain that there was no separation of the goods and their proceeds from the partnership effects.    There was, therefore, no evidence to sustain the verdict.

The first charge given for the plaintiff is erroneous, because there is no evidence which tends to show that Ivy agreed to pay Walker individually a certain sum for his share in the goods.    The third charge is erroneous for the same reason.

Judgment reversed and a new trial granted.