FOWLER *v.* HARRELL

No. 39889          January 16, 1956          84 So. 2d 524

*John W. Prewitt,* Vicksburg, for appellant.

*Oscar P. LaBarre,* Vicksburg, for appellee.

ETHRIDGE, J.

This is a suit in debt by one partner against the other, after the dissolution of the partnership. In October 1951 Fowler, the appellant, and Harrell, the appellee, entered into an oral partnership agreement to operate a business which would purchase and sell pecans. Both of the partners were to contribute their time and labor. With more experience in this work, Fowler's main contribution was his skill and labor. He also invested $1,261.31. Appellee Harrell invested in the business $5,201.69. The partners employed a bookkeeper, George Auter, to keep the books of the business.

After operating for several months, the partnership was dissolved in January 1952 by mutual agreement, and according to the testimony of appellee and his witness Auter, the accountant, which the jury accepted, the parties then reached a final accounting and settlement of the partnership affairs. Without detailing it, the net result was that appellant, Fowler, agreed to pay Harrell $499.10 in full settlement of the partnership accounts. Harrell sued Fowler in the County Court of Warren

County for that amount. The issue of whether this was the agreement and settlement was submitted to the jury, and Harrell was given a judgment for that sum, which the circuit court affirmed.

■■ ■ In order for a partner to sue at law for the balance alleged due to him by another partner upon dissolution of the partnership, the plaintiff must prove that there has been final accounting and settlement between them of the partnership affairs. 40 Am. Jur., Partnerships, Secs. 465, 466, 486, 487, 488; Ivy v. Walker, 58 Miss. 253 (1888); Evans v. White, 31 So. 833 (Miss. 1902). ■■ ■ However, the evidence was ample to warrant the jury in finding that there had been a final settlement of the partnership's accounts between the partners on dissolution, and that as a result of such settlement, appellant promised to pay appellee the sum of $499.10. This issue was submitted to the jury in a proper instruction based on appellee's theory of the case, and was resolved against appellant.

■■ ■ Appellee's declaration had attached to it the accountant's statement of settlement between the parties. It reflected that from the $499.10 owed by Fowler to Harrell, there should be deducted for "additional sales" the amount of $33.20, which occurred after the partnership was dissolved, and that hence the amount owed by appellant was $465.90. The testimony of Auter is undisputed, to the effect that appellant is entitled to this credit. For that reason, the judgment of the county court is modified and corrected so as to render judgment for appellee against appellant in the amount of $465.90.

Affirmed as modified.

*Roberds,* P.J., and *Lee, Arrington* and *Gillespie,* JJ., concur.