# FRED HINTZ, Respondent, v. ARTHUR JACKSON, Appellant.

(198 N. W. 475.)

**Judgment — special verdict failing to find on vital issue on which testimony conflicted does not support judgment.**

Where a special verdict contains no finding upon a vital issue of fact, concerning which the testimony is conflicting, it will not support a judgment for the plaintiff.

Opinion filed February 18, 1924. Rehearing denied May 3, 1924.

Judgments, 33 C. J. § 85 p. 1138 n. 41.

---

Note.—What special verdict must contain, see 24 L.R.A. (N.S.) pp. 58, 76; 27 R. C. L. 885.

Appeal from the District Court of Hettinger County, *Berry, J.*
Reversed and remanded.

*Jacobsen & Murray,* for appellant.

*V. H. Crane,* for respondent.

BIRDZELL, J.   This is an appeal from an order entered in the district court of Hettinger county, denying the defendant's motion for judgment on a special verdict, for judgment notwithstanding the verdict or for a new trial.   The action is one in which the plaintiff seeks to compel the defendant to contribute toward the payment of certain obligations which the plaintiff claims to have discharged and which obligations were owing by a partnership of which the plaintiff and defendant were the members and which had been dissolved some years previous to the action.   The action was tried as a jury case and a special verdict rendered.   Upon the special verdict a judgment was entered for the plaintiff for $284, plus the costs and disbursements.

The facts necessary to an understanding of the questions presented on this appeal may be briefly stated as follows:   In 1911 the plaintiff and defendant entered into a partnership under the name of Mott Motor Company.   As partners, it seems they conducted a repair business, such as is commonly conducted by a garage, bought and sold automobiles and had an agency of the Emerson-Brantingham Company for the sale of tractors and plows.   The partnership business was continued for somewhat more than a year and was dissolved by mutual consent on February 17, 1913.   At the time of the dissolution, the firm was owing certain debts, among which was a note in the German State Bank of Mott for the sum of $500 which was not yet due and a demand note, dated February 13, 1913 (the date of dissolution) for $160.16, and it had certain assets by way of accounts due, a commission for the sale of an Emerson-Brantingham Company tractor and plows, certain tools and equipment used in the repair business and a second hand E. M. F. automobile.   The parties had shared equally in the business and, on dissolving, they endeavored to divide the assets equally.   The defendant took more than his share of the machinery and tools, and balanced the difference by giving a note to the plaintiff.   He likewise gave another note, one being for $210 and the other for $196.08.   The plaintiff is unable to say which note was given to balance the excess of

machinery and tools, but claims that one was given for such purpose and the other to represent an excess of cash which the defendant had drawn from the firm. The defendant, however, claims that neither note represented excess cash withdrawn but that one was given to represent his share of the firm debts, and that the plaintiff assumed the payment of all firm debts. These notes had both been paid prior to the bringing of this action. At the time of the dissolution it was understood that both parties might collect any outstanding accounts due the partnership and that each should have an equal interest in the amounts collected. From time to time the obligations owing to the German State Bank of Mott were renewed by Hintz, the plaintiff, who signed the renewal notes "Mott Motor Company by Fred Hintz." It is claimed by the plaintiff that he paid various items of firm obligations with his personal funds; that he collected certain items and disposed of the second hand automobile, in all of which he concedes the defendant a half interest; and that defendant made a certain collection in which he denies the plaintiff a share.

The issues were submitted to a jury and a special verdict rendered as follows:

Question 1. How many firm accounts did the plaintiff collect after the dissolution of the partnership? Give amounts and dates of each. Answer: Six.

| | |
|---|---|
| Amount $ 44.25 | Date December 5, 1913. |
| Amount $109.50 | Date November 15, 1915. |
| Amount $ 15.55 | Date December 23, 1919. |
| Amount $106.50 | Date October 4, 1913. |
| Amount $113.00 | Date November 19, 1914. |
| $126.00 | |

Question 2. Did the plaintiff pay the firm of Jacobsen & Murray any money as commission on the collection of firm accounts? Answer: Yes.

Question 3. If you answer question Number 2 in the affirmative, give the amount and date? Answer: Amount $63.41, Date April 12, 1915.

Question 4. Did the plaintiff pay the German State Bank any

money out of his own personal funds upon notes due to the said bank from the Mott Motor Company? Answer: No.

Question 5. If you answer question Number 4 in the affirmative, give the amount and date of each payment.

Question 6. Did the plaintiff agree to assume and pay the indebtedness of the Mott Motor Company to the German State Bank in consideration of the transfer by the defendant to the plaintiff of the defendant's interest in the E. M. F. automobile? Answer: No.

Question 7. Did the defendant collect of the indebtedness owing the firm of Mott Motor Company by Wakefield Bros., as represented by the mechanic's lien filed, the sum of $208.15, on the 16th day of February, 1914? Answer: Yes.

Question 8. Did the plaintiff sell the E. M. F. car mentioned in question Number 6? Answer: Yes.

Question 9. If you answer question Number 8 in the affirmative, when was the said car sold by him and how much did he obtain for it? Answer: Date————Amount $225.00.

After the rendition of the verdict, both parties moved for judgment, the plaintiff in that connection moving the court to amend the verdict as follows: First, to strike from the answer to question Number 1 the amount of $126 which is found to have been collected but no date given. Second, to change the answer to question Number 4 from "no" to "yes." Third, to answer question Number 5 by inserting the amount $718.40, date February 1, 1919. Fourth, to add to the answer to question Number 9 the date June 1, 1916. This motion was granted, the trial court being of the opinion that the amendments were required in order to make the verdict conform to the undisputed evidence. On the basis of the amended verdict, the plaintiff was entitled to a judgment against the defendant for $284.00 and costs and disbursements; the judgment was accordingly entered for that amount. Thereafter, the defendant renewed its motion for a judgment on the verdict or for a new trial or for a judgment notwithstanding the verdict, and this appeal, as stated, is from the order denying the defendant's motion.

This case has been twice tried as a jury case. The issues are difficult to define—so difficult, in fact, that, as the record in this case shows, the trial court experienced difficulty in appreciating the bearing of testi-

mony which was offered from time to time; although it does not appear to us that there was any error in the reception or exclusion of evidence. There is in the record evidence relating to transactions which occurred approximately ten years before the trial, and, as this evidence is not harmonious, it enhances the difficulty of arriving at a satisfactory conclusion. However, in the view we are compelled to take of the case, we find it unnecessary to consider several of the questions discussed by counsel in their briefs. It is apparent to us that the jury, in their verdict, failed to find one way or the other upon a vital issue of fact concerning which the evidence is not harmonious. In response to question Number 4, the jury found that the plaintiff did not pay any money to the German State bank out of his personal funds upon notes due the bank from the Mott Motor Company, and in response to question Number 6, it found that the plaintiff did not agree to assume the indebtedness of the Mott Motor Company to the German State Bank in consideration of the transfer by the defendant to the plaintiff of the defendant's interest in the E. M. F. automobile. This is not a finding that, at the time of the dissolution of the firm, the plaintiff did not agree to assume the outstanding indebtedness of the firm in consideration of the defendant giving a certain note which the record shows he has paid. Neither is there any finding to this effect anywhere in the verdict. If the transaction with respect to the plaintiff taking over the E. M. F. automobile and assuming the indebtedness at the bank which had been contracted on account of its purchase, was had at all, it took place some months prior to the dissolution of the firm. Such is the defendant's testimony. There was, however, at the time of the dissolution a firm obligation owing to the bank in addition to this $500 automobile note, and the defendant testified that, in consideration of the giving by him of one of the notes which he gave to the plaintiff at the time of the dissolution, the plaintiff agreed to pay all the outstanding debts, and this testimony is disputed by the plaintiff. If the jury or court should find, in accordance with the defendant's testimony, that the plaintiff had assumed the payment of the outstanding debts, manifestly the plaintiff would have no cause of action, for his whole claim arises on account of having paid firm obligations, towards which the defendant was liable for contribution. Inasmuch as the special verdict contains no finding on this issue, and inasmuch as we can not disregard the de-

fendant's positive testimony, the order appealed from must be reversed and a new trial granted. Costs to abide the event of the new trial.

NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.

BRONSON, Ch. J. (dissenting). The complaint in this action alleges the former existence between the parties of a partnership; the dissolution of this partnership; the mutual agreement that either of the copartners could collect debts due the firm. Further, that plaintiff had collected debts and sold assets of the firm; that defendant had collected large sums of money due the firm and had applied the same to his own use; that, further, the partners agreed that if the amount of the debts due the firm, when collected and applied, should not be sufficient to pay their indebtedness then each of the partners should pay one-half of the amount remaining unpaid; that by reason of the facts defendant was indebted to the plaintiff in a certain amount. The cause was tried as a law action. It has twice been submitted to a jury. As the record discloses, the jury, in the special verdict, were required to determine how many firm accounts the plaintiff collected and to determine other questions of the collection and application of firm debts. As the majority opinion admits, the action is one in which the plaintiff seeks to compel defendant to contribute toward the payment of certain obligations which the defendant claims to have discharged and which obligations were owing by a partnership which had been dissolved some years previous to the action.

The pleadings and the evidence in this record involve, primarily, in order to determine the rights and obligations of the parties, a partnership accounting. As this court has stated in an early opinion, the reason lying at the foundation of the doctrine that one partner can not sue a copartner on account of partnership matters, is the impossibility of setting the acts of the partners in a legal action, and that the law will not pick out an isolated partnership transaction and predicate a liability on that alone when it is possible that on a full accounting between the parties the balance may be the other way. Devore v. Woodruff, 1 N. D. 143, 45 N. W. 701. It is the well settled rule that the question of settling a partnership account is a question of equitable jurisdiction. 30 Cyc. 716. One of the exceptions which permits an

action at law is where the parties have had a settlement and it is only necessary in determining the rights of the parties to consider such settlement and the liabilities of the parties in an action at law without investigating partnership accounts. Lay v. Emery, 8 N. D. 515, 79 N. W. 1053. A recognition of this exception is stated in the opinion of the court by Mr. Justice Birdzell in Zimmerman v. Lehr, 46 N. D. 297, 21 A.L.R. 8, 176 N. W. 837, viz.: "It is a well established principle that one partner may sue another in an action at law where the partnership is terminated and the claim sued upon is one that can be adjudicated without the necessity of an extensive accounting as where the transactions are few and simple, and the items requiring adjudication are not numerous."

In Prondzinski v. Garbutt, 8 N. D. 191, 196, 77 N. W. 1012, this court held that it could not lend its sanction to the recognition of a remedy at law where the remedy at equity was ample, long established, and by use exclusive, particularly where the subject matter of the suit was peculiarly the subject of equity jurisdiction. Further, "Having reached the conclusions that the facts of the case made it one of equitable cognizance the duty then fell upon the trial court to find the facts themselves. The verdict of a jury or findings of a referee would be simply advisory and entirely subject to his control."

The proceedings had in this case, considered in connection with the fact that two jury trials have been had and that the majority opinion of this court now reverses the judgment and sends the cause back for a new trial, demonstrate the impropriety of requiring the jury to make an accounting of partnership matters and to fully consider partnership accounts in order to determine the rights of the parties. Long ago, this cause might have been determined through the equitable jurisdiction of the court and through findings made, with the verdict of the jury as advisory. The issues involve a partnership accounting. The trial judge should make findings and treat the verdict of the jury as advisory thereto. It is a reproach to the administration of justice that this cause should now be remanded for another trial before a third new jury with further delay and expense, and without any assurance that the next jury will, by its special verdict, cover every issue of this partnership accounting.