IRISH v. SNELSON.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. A. Liston,* for the appellant.

———————

## IRISH and Others *v.* SNELSON.

An unliquidated demand growing out of unsettled co-partnership accounts, may, the partnership having been dissolved, be pleaded as a set-off.

APPEAL from the *Madison* Circuit Court.

Tuesday, June 11.

DAVISON, J.—*Irish, Kent,* and *Baldwin,* who were the plaintiffs, sued *Snelson* upon a promissory note, dated *August* 28, 1857, and payable at one day, to one *James Hollingsworth,* who assigned it to the plaintiffs. Defendant's answer to the complaint alleges these facts: On *August* 29, 1853, the defendant, the maker of the note, and *Hollingsworth,* the payee, entered into partnership as equal partners in the milling business, sharing equally in the losses and profits arising therefrom; which partnership continued to exist until *March* 1, 1858, when the same was dissolved by mutual consent. For the purpose of carrying on the partnership, *Hollingsworth,* during its existence, paid into the same $986.15, out of which sum he received $719.63, leaving a balance due *Hollingsworth* when the partnership was dissolved of $266.52. And during the continuance of the partnership, the defendant, *Snelson,* invested therein $1,411.24, out of which he received $546.92, showing a balance due him when the partnership dissolved of $864.32. Thus it appears that the amount invested in the firm by *Snelson* exceeded that invested by *Hollingsworth* $597.38, which sum *Hollingsworth* then became liable to pay. And defendant avers that said $597.38 accrued to him before he

had notice of the assignment to the plaintiffs; and he now offers to set-off $206.21 of said amount against the sum due the plaintiffs on the note, &c. Plaintiffs demurred to this answer; but their demurrer was overruled and they excepted. Issues of fact were made, and submitted to the Court, who found for the defendant, and having refused a new trial, rendered judgment, &c. The action of the Court upon the demurrer to the answer, raises the controlling inquiry in the case. The demand in this instance proposed as a set-off, could not have been allowed as such anterior to the present code; because, until a final settlement of the partnership accounts, one partner could not maintain an action against his co-partner, for money advanced on account of the partnership. Collyer on Part. 143, *et seq.* And upon the same principle, an unliquidated and unsettled partnership demand would not have been allowed as a set-off. 1 Vansant-voord's Pl. 552. But the statutory rule now is, that "The defendant may set forth in his answer as many grounds of defense, counter claim, and set-off, whether legal or equitable, as he shall have." 2 R. S., § 56, p. 39. And a set-off, as defined by the same statute, "must consist of matter arising out of a debt, duty or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." *Ib.* § 57. As we construe these enactments, an equitable demand arising out of contract, though unliquidated, may be the subject of set-off. And the result is, the answer in question must be sustained; because the matter which it proposes to set off, arises out of a contract of partnership. The business operations of the firm, it is true, were unsettled, and the demand was consequently unliquidated; but the partnership having been dissolved, the demand existed in its unliquidated form, "was held by the defendant when the suit was commenced, and due at the time it was offered as a set-off." The demurrer admits the facts alleged in the answer, and in our judgment they present a valid bar to the action. *Gage* v. *Angell*, 8 Howard Pr. Rep. 335. Another error assigned is, that the finding of the Court is unsustained by the evidence, but as the record contains no proper averment

that " all the evidence given in the cause" is before us, we must presume the finding correct.

May Term, 1861.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Davis*, for the appellants.

*M. S. Robinson*, for the appellee.