## J. G. PETTINGILL V. A. JONES.

1. RECORD, *Construed.* Where the record as brought to this court, without setting out the evidence in full, simply states that the plaintiff's testimony "conclusively proved the issues on his part," and that the defendant's testimony tended to support his theory of the case, *held*, that this must be construed to mean, not simply that plaintiff made out a *prima facie* case, liable to be overthrown by counter testimony, but rather that he made a case which could not be overthrown by any testimony. In other words, notwithstanding defendant's testimony tended to support his theory, yet, upon all the testimony, the verdict must necessarily have found the facts to be as stated by the plaintiff.

2. PARTNERSHIP *in a Single Transaction;* *Practice.* While an action of accounting is the ordinary one for settling the affairs of a partnership, yet where the partnership is simply a joint venture in a single transaction, and the petition alleges the partnership, its close, the profits of such venture, and that defendant has received and appropriated the entire amount thereof, and prays judgment for plaintiff's share, and the answer denies generally, and claims that the transaction was not a partnership but an individual matter, and upon these pleadings the parties without objection go to trial before a jury, *held*, that the court did not err in refusing to instruct the jury that the plaintiff could not recover unless there had been an accounting between the parties.

### *Error from Lyon District Court.*

ACTION brought by *Jones* against *Pettingill*, to recover a balance due on settlement of a partnership transaction. July 5, 1882, the plaintiff recovered a judgment for $118.44, and costs, against defendant, who brings the case here. The facts are stated in the opinion.

*Buck & Feighan*, for plaintiff in error.

*Scott & Linn*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error, plaintiff below, to recover a balance due on settlement of a partnership transaction. Stripping the pleadings of all matters in which the parties agreed, and it left this single

issue for trial. The petition alleged that as partners, the parties bought 900 head of sheep at one purchase, and sold the same in a single lot to L. Adams; that the profits of this transaction were $225, which profits were received and appropriated by the defendant. The answer denied specifically any partnership in the purchase and sale of these sheep, and alleged that it was a private transaction of defendant. Upon this issue the parties went to trial. The record contains the testimony of plaintiff and that of the defendant, and, without setting forth the other testimony, states that the testimony offered by plaintiff "conclusively proved the issues on his part," and also that the evidence offered by defendant tended to sustain his own testimony and theory of the case. The court instructed the jury on the law of partnership correctly, and in a manner not now criticised by plaintiff in error; but the court refused this special instruction, asked by defendant: "If you believe from the evidence that there was a partnership between plaintiff and the defendant in the purchase of the sheep bought of Wardsworth, and that such partnership covered and embraced the sheep sold to Adams, and should further find that there has been no accounting between the parties plaintiff and defendant as to the profits or losses on said sale to Adams, then as a matter of law the plaintiff cannot recover in this action." The refusal to give this instruction is the principal error complained of, and indeed presents the only question which we think needs any special comment. This instruction proceeds upon the theory that where there are unsettled partnership dealings between two parties, the only proper action is an equitable one for an accounting, and that an action at law cannot be maintained by one partner against the other for his alleged share of the profits. As a general proposition this is undoubtedly correct, and is supported by a large citation of authorities; but in view of the issue presented by the pleadings, as well as the testimony, we think the refusal to give it worked no error to the substantial rights of the defendant, and for these reasons: In the first place, we do not understand the statement in the record

as to the effect of the testimony in the same manner as counsel for plaintiff in error. The record says that the plaintiff's testimony "conclusively proved" the issues on his part, and that the defendant's testimony on the other hand tended to sustain his theory of the case. Now counsel for plaintiff in error say that this means simply that plaintiff's testimony, in the absence of counter testimony, made out his case, but the defendant's testimony, being of contrary effect, left a doubtful question of fact to be settled by the jury; but this we think would be merely that plaintiff's testimony made out a *prima facie* case. And where the record says that it conclusively proved the issues on his part, it means that it so proved such issues that no counter testimony could overthrow it. Then, and then only, is testimony conclusive and an issue conclusively proved; so that, although the defendant offered testimony tending to prove his theory of the case, upon the whole testimony the plaintiff's allegations were conclusively proved, and it would have been error for the jury to find against those allegations.

Second, where there is but a single partnership transaction, one joint venture, which is fully closed, we think one partner may maintain an action against the other for his share of the profits of that single transaction, and that in such a case there is no necessity of a formal accounting between parties. (*Sikes v. Work*, 6 Gray, 433; *Wheeler v. Arnold*, 30 Mich. 304.)

Third, the verdict of a jury as to the amounts of profits of a partnership transaction is as conclusive as the report of a referee or the findings of a court, and the parties may, if they see fit and the court makes no objections, submit the question of profits to the determination of a jury. Now in this case the plaintiff alleged a single transaction — the purchase and sale of a lot of sheep; that the profits of such transaction amounted to a certain sum, which was received by the defendant. The defendant denied all this, and claimed that the transaction was an individual and not a partnership matter. He raised no question as to the sufficiency of the

petition, made no claim to a reference, an accounting, or a trial by the court, but went to trial before a jury without objection upon the single issue which he had tendered. Thereafter it was too late for him to insist that the petition was not sufficient in that it failed to ask for an accounting, or that he was entitled to a different trial and before a referee or the court. Even if the petition had disclosed a continuing partnership, a series of partnership transactions, and such a state of affairs as would properly call for an accounting, and alleged generally without any prayer for an accounting that the defendant had received and appropriated the profits of such partnership, amounting to a specific sum; and the defendant, under a general denial and with a claim that there was no partnership, had gone to trial without objection before a jury, it may be doubted whether, under the code practice, and where the same court tries questions of law and equity, the defendant could then defeat a recovery on the ground that though there was a partnership there had been no settlement of the partnership dealings, and the plaintiff's true remedy was an action of accounting. Under the old practice, where the plaintiff brought an action of accounting, if the defendant denied the partnership the court might have submitted the question of the existence of a partnership to the verdict of a jury, and if that were determined in favor of the plaintiff, then direct an accounting between the parties.

We therefore conclude that the court did not err in refusing this instruction. As to the other matters complained of, it is enough to say that as the testimony "conclusively proved" the plaintiff's cause of action, the rulings of the court worked no injury to the substantial rights of the defendant.

The judgment will therefore be affirmed.

All the Justices concurring.