## THOMAS CLARKE v. R. M. MILLS.

1. PARTNERSHIP; *Settlement; Contribution.* Where the dealings between two partners embrace but a few items, and there are no such transactions as to make a settlement difficult, and all the partnership affairs are settled, except only an accounting between them, the claim of one partner against the other for money is such an one that the remedy at law for contribution is admissible.

2. PARTNER *Suing Partner for Contribution.* Where one sues his partner for contribution for money paid out in partnership affairs, and it appears that all the partnership property has been disposed of, and the firm has no credits and owes no debts, such an action can be maintained before a justice of the peace, where the amount claimed

does not exceed three hundred dollars, and there are only a limited number of transactions, involving no complications, to be inquired into.

*Error from Lyon District Court.*

TRIAL at the March Term, 1885; judgment for plaintiff for $300 and costs. Defendant brings the case here. The opinion states the material facts.

*Cunningham & McCarty*, for plaintiff in error.
*Scott & Frith*, for defendant in error.

Opinion by HOLT, C.: The defendant in error, plaintiff below, brought his action against plaintiff in error, defendant below, before a justice of the peace. He alleged in his bill of particulars that the plaintiff and defendant were joint makers of a note for $500, and that he had paid the same in full with interest, and prayed for contribution. The defendant made application for and obtained a continuance in the justice's court, but neither filed any pleadings nor appeared at the trial therein. Judgment was rendered for plaintiff, and defendant appealed to the district court. In the district court defendant set forth that plaintiff and defendant were partners, and that the note sued on was given for money that was used in the partnership affairs; that as such partners they had never had a final settlement, and there had never been an accounting between them; that plaintiff kept the accounts of the firm, and had neglected and refused to account with him; and also that upon a proper and final adjustment the defendant did not owe plaintiff. A jury being waived, the cause was tried by the court, and it made findings of fact substantially as follows:

Plaintiff and defendant entered into a copartnership for dealing in sheep, and bought two flocks, paying $4,600 for one flock and $600 for the other; $3,400 was borrowed of the bank to pay for the first flock, both partners signing a note for the same, which was renewed from time to time and partly paid, until finally the note named in plaintiff's bill of

particulars was the last one given for the residue of the money originally borrowed. They sold from said flocks at different times as follows: $2,300 at one time, $980.75 at another time, again $192, and still again $1,240; and they received $1,000 for wool. Plaintiff was business manager, and kept whatever accounts were kept of the partnership affairs, and defendant had care of the sheep.

The court further made an approximate accounting, showing that in the aggregate the firm owed plaintiff $573.14, and that defendant owed the firm $215. The court also found that there had never been any settlement or accounting between said partners, and that at the commencement of this action all the partnership property had been disposed of, and there were no outstanding accounts against and no credits in favor of said firm, and no unsettled accounts, except only the accounts between the partners.

Plaintiff in error contends that the justice's court had no jurisdiction of the subject-matter of this action, and the jurisdiction of the district court being wholly appellate, it could not try this case. The plaintiff's bill of particulars is in the usual form for the recovery of money only, and if we have reference to it alone, it comes clearly within the provisions of § 2, chapter 81, Compiled Laws of 1879. It is claimed, however, because there had been no accounting between partners, the parties herein, no action would lie until such accounting was had. The findings of fact show that the defendant and plaintiff were copartners, and that all the business matters of the firm had been disposed of, excepting only the accounts between them. There were no debts to be paid, no money to be collected, no property to be disposed of, and

2. Partner suing partner for contribution.

under the findings of fact in this case it was a purely pecuniary demand, involving no complications that could not properly be determined in the justice's court.

The defendant complains because the court rendered judgment against him upon the bill of particulars and the specific findings of fact. The bill of particulars stated that plaintiff

had paid in full a joint note of plaintiff and defendant, and asked for contribution. Defendant answered that the action ought not to be maintained, for the reason that they were partners, and there had been no accounting between them; and also that upon a final adjustment of the partnership affairs he did not owe plaintiff.

The record shows that a jury was waived, the issues were submitted, and the court requested to make specific findings of fact. No objection was made by defendant to the introduction of evidence under the bill of particulars; no objection to the form of the findings, or because they were not within the issues tried by the court. The only motion made in the district court was for a judgment for defendant upon the findings. The objection to the judgment against defendant upon the bill of particulars and under the findings of fact, is made in this court for the first time. Under an issue raised by the parties, the defendant submitted his evidence, and an examination was had of the mutual dealings in the partnership business. He took his chances for a judgment in his favor. After the decision of the court was against him, it was too late for him to complain under the circumstances presented.

Another alleged error is, that the specific findings of fact did not authorize the judgment rendered. The court found there had been no settlement or accounting between the partners; also there were no claims against and no credits in favor of the firm, and that all partnership property had been disposed of. The controversy was between only two parties, and concerning a limited number of transactions. The question to be decided was simply whether Mills had put into the partnership business more money than Clarke. There was no receiver to be appointed, no claims to be collected, no actions to be brought against debtors of the firm, no debts to be paid, no property to be disposed of, no relief was sought, except an ordinary money judgment. The findings of fact were sufficient to authorize such a judgment in favor of Mills.

1. Partnership; settlement; contribution.

The plaintiff in error cites a large number of cases to support his theory that no judgment could be rendered in favor of one partner against another based upon partnership dealings, where there had been no accounting between them.

The authorities cited fully sustain his theory that an accounting must be first had between partners before an action for the recovery of money only can be maintained: *Lawrence v. Clark*, 9 Dana, 258; *Course v. Prince*, 1 Mill, S. C. 416; *Graham v. Holt*, 3 Ired. 300; *Harris v. Harris*, 39 N. H. 45; *Smith v. Smith*, 33 Mo. 557; *Tolford v. Tolford*, 44 Wis. 547; *Ivy v. Walker*, 58 Miss. 253; *Crossley v. Taylor, Adm'r*, 83 Ind. 337; *Bowzer v. Stoughton*, (Ill. Sup. Ct.) 9 N. E. Rep. 208.

The practice in actions between partners for the settlement of their partnership matters has not been uniform in the different states; in fact, the conflict of authorities appears to be irreconcilable. The courts in Massachusetts early laid down the rule, that in case of copartners neither a settlement of the accounts nor an express promise to pay need be proved where the suit is assumpsit for the balance, and they have adhered strictly to that practice: *Williams v. Henshaw*, 11 Pick. 79; *Brigham v. Everleth*, 9 Mass. 538; *Bond v. Hays*, 12 id. 34; *Wheeler v. Wheeler*, 111 id. 247; also, *Wright v. Cumpsty*, 41 Pa. 102.

This court, in *Pettingill v. Jones*, 28 Kas. 751, cited with approval, *Wheeler v. Arnold*, 30 Mich. 304. We now believe the rule there laid down is reasonable, and applicable to the facts in this case, and is in consonance with the liberal provisions of our code. In that case the court said:

"There was no occasion for an accounting in equity, unless there had been such dealing with assets as well as such private relations with the firm as to make a settlement otherwise difficult; and there being only two partners concerned, (and discovery being now obtainable as well at law as in equity,) there would seem to be no very good reason why the remedy at law would not be entirely adequate."

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.