Frith v. Thomson.

---

No. 21,628.

GILBERT H. FRITH, *Appellee*, v. JAMES THOMSON, *Appellant*.

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Oil and Gas Leases—Limited Number of Transactions—Action for Conversion—Accounting Unnecessary.* Where parties join in a business adventure of a partnership character and, after they have proceeded for a time and property rights have been acquired, one of the partners who holds possession of the rights and assets of the firm wrongfully ousts or excludes the other under a claim of sole ownership, and the dealings between them are not numerous nor difficult of settlement, the other may maintain an ordinary action at law to recover for the wrongful deprivation and conversion without having an accounting in an equity action.

2. SAME—*Evidence Varying Terms of Leases Incompetent.* The exclusion of testimony offered with a view of showing the value of oil leases obtained and held by the defendant, to the effect that stipulations had been made when the leases were executed which were not included in the leases and which contradicted their terms, is held not to be error.

3. SAME—*Rejected Evidence—No Error.* The rejection of testimony tending to show the expenses incurred by defendant in obtaining the leases is held to be without material error under the circumstances of the case.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed July 6, 1918. Affirmed.

*Owen S. Samuel,* of Emporia, for the appellant.

*R. M. Hamer,* and *H. E. Ganse,* both of Emporia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Alleging that the defendant had converted to his own use plaintiff's undivided interest in certain oil and gas leases, plaintiff brought this action to recover the value of his interest at the time of conversion. Defendant appeals from the judgment in plaintiff's favor.

There was considerable conflict in the evidence, but the following general statement may be made of the facts tending to uphold plaintiff's claim and recovery. The plaintiff was in touch with certain persons in Wichita who had become interested in the development of oil and gas land. Upon the suggestion of the defendant, the plaintiff, a party named Miller, and the defendant entered into a joint enterprise the object of which was to obtain leases on lands in Lyon county for the purpose of prospecting and developing the same for oil and gas. It was agreed that when leases upon at least 4,000 acres had been obtained the plaintiff was to procure the parties in Wichita to form a company for the purpose of drilling, and plaintiff was to perform all necessary legal services in connection with forming such a company, and he was also to obtain the services of a geologist. It was agreed that plaintiff, Thomson, Miller, and the geologist should each be entitled to a one-fourth interest in the leases in return for their services, or, in case no geologist could be obtained then the parties should be entitled to a one-third interest each. Plaintiff made several attempts to obtain a geologist, but without success, and he also endeavored to help secure some of the leases. Eventually, leases upon 7,800 acres were obtained, but when plaintiff suggested that it was time to interest the Wichita people in drilling oper-

ations Thomson told plaintiff not to procure the Wichita parties for that purpose as he had others in view, and that plaintiff had no interest in the leases; and he refused to give plaintiff any information about them or concerning the amount of money expended to procure them, although plaintiff offered to pay his share of such expenses.  On other occasions, although plaintiff renewed his offer to procure the Wichita people to commence drilling, defendant refused to recognize plaintiff's interest in the leases or in the contract between them.  This action was then brought, and the jury found the value of plaintiff's interest to be $850, and judgment for that amount was awarded.

The defendant complains of rulings on the petition, evidence, and instructions which permitted the plaintiff to proceed in this action for conversion without first having an accounting between partners.  If the suit involved the adjustment of complicated accounts in which an ordinary legal remedy was inadequate an accounting might have been warranted, but there is no necessity of resorting to an accounting where full inquiry may be made and justice secured through the ordinary legal remedies.  Here there was but a single adventure; there was no complexity of accounts; no difficulty for a jury to understand and determine the questions involved; the relationship had been terminated; and hence there was no occasion for employing the methods of investigation peculiar to courts of equity.  It has been determined that where a single partnership transaction is involved, an accounting between the parties is not necessary.  (*Pettingill v. Jones,* 28 Kan. 749.)  In another case it was ruled that when the dealings between partners embraced but a few items or transactions and were not such as to make an adjustment of their dealings difficult, the ordinary legal remedies were adequate, and resort to equity was unnecessary.  (*Clarke v. Mills,* 36 Kan. 393, 13 Pac. 569.)  Here there was a repudiation of the partnership relation and denial that the plaintiff had any interest in the adventure and a wrongful appropriation of the firm assets, and for such a wrong an appropriate action at law is maintainable.  (30 Cyc. 468.)

There is complaint of the admission of testimony relating to negotiations between the plaintiff and a geologist, and of the exclusion of testimony offered by defendant to the effect that

when the leases were obtained he and Miller represented to the lessors that if oil and gas wells were not drilled within a year the leases would be returned to the lessors and that they would not be transferred or used for speculative or commercial purposes. Since the contract provided for the obtaining of the cooperation of a geologist by the plaintiff, testimony as to his efforts in that direction was admissible; and besides, it does not appear that any objection was made to the admission of the testimony. The purpose of the excluded testimony, it is said, was to show the value of the leases, and it is contended that as to the representations in question plaintiff was bound by the acts of his partners. There can be no question about the responsibility of one member of a partnership for the acts of his copartners, but the leases herein were in writing, and they contained none of the representations claimed to have been made by the defendant. The instruments themselves refuted the claims of the defendant and showed that the alleged oral stipulations contradicted the terms of the written lease and hence were without force. If the leases had been offered for sale their value would not have been affected by any oral representations or secret agreements that defendant may have made. The failure to drill a well within a year, if it had any effect on the value of the leases, cannot avail the defendant, since he prevented the drilling of the wells or the development of the land as plaintiff proposed and the agreement provided. No error was committed in rejecting the testimony.

Objection is further made to a ruling excluding an offer to show the expense incurred by the defendant in securing the leases in question. It does not appear how much of this expense was incurred before the repudiation of the plaintiff as a partner and the denial of his interest in the venture. Some testimony was produced to the effect that plaintiff offered to help procure parties to drill for oil, and that his offers were rejected. According to the contract the plaintiff was to do the legal work of the enterprise, endeavor to obtain a geologist, and find parties to drill wells, while defendant and Miller were to secure the leases. There is some testimony that the plaintiff performed his part so far as he could or was permitted by the defendant to perform it. As the offer was made, it cannot be said that there was material error in its refusal.

The judgment is affirmed.