## CARL A. ZIMMERMAN, Respondent, v. PETER LEHR, Appellant.

### (176 N. W. 837.)

**Partnership — where partnership has terminated, defendant in suit by former partner may counterclaim for simple partnership items not requiring accounting.**

In an action brought to recover for seed wheat, which was tried in district court on appeal from justice court, where the defendant counterclaimed; it appearing upon the trial that the evidence was conflicting as to the existence of a partnership arrangement affecting the items embraced in the counterclaims, it is *held:*

Where a special partnership (if such existed) has terminated, and one of the partners sues another concerning a matter independent of the partnership, the defendant may counterclaim for items due him out of partnership transactions where they are few and simple, and there is no occasion for an equitable accounting.

Opinion filed March 17, 1920.

Appeal from the District Court of Logan County, *Graham*, J. Reversed.

*George M. McKenna* and *Miller, Zuger, & Tillotson,* for appellant.

The district court still had jurisdiction and should have determined their differences on the merits. 15 Enc. Pl. & Pr. 1030, and cases cited under note 4; Coffin v. McIntosh (Utah) 34 Pac. 247; Clarke v. Mills (Kan.) 13 Pac. 569; Wheeler v. Arnold, 30 Mich. 304.

*A. B. Atkins, Scott Cameron* and *Theodore Koffel,* for respondent.

The question as to whether a partnership existed is one of fact for the jury to determine. Frankel v. Heller, 16 N. D. 387; Sparkling v. Smeltzer, 95 N. W. 571; Johnson Bros. v. Carter, 94 N. W. 850.

BIRDZELL, J. The plaintiff brought an action against the defendant in justice court to recover $32 for seed wheat. The defendant admitted liability for $30, and set up three counterclaims, two of which will be more specifically referred to later. The judgment in the justice court was in favor of the defendant in the sum of $74.88, after allowing plaintiff's claim for the wheat at $30. An appeal was taken to the district court, and the case was, by stipulation, tried to the judge without a jury. In the district court the counterclaims were stricken out by the trial judge, and judgment was entered in favor of the plaintiff for $30 and costs, making a total judgment of $69.70. From this judgment and from an order denying a motion for a new trial or judgment *non obstante,* the defendant appeals to this court. The only question here for consideration is the propriety of the action of the district court in granting the plaintiff's motion for the dismissal of the two counterclaims of $44.88 and $56.50, respectively. The first is based upon a balance which the defendant claimed was owing to him by the plaintiff for threshing in 1918. The second is for money collected by the plaintiff for defendant's use from one Kirshman, in the fall of 1918. The facts concerning these items as they appear of record may be briefly stated as follows:

The defendant, Lehr, was the owner of a threshing rig and the plaintiff, Zimmerman, was a man who was somewhat experienced in the operation of threshing machines. In the fall of 1918 this rig was used to thresh for the plaintiff and the defendant and three other men in the neighborhood, named Jundt, Kirshman, and Kramlich. The defendant testified that he hired the plaintiff at $6 per day to superintend the running of the machine. The plaintiff, on the other hand,

testified that when they started threshing in the fall of 1918 it was agreed that he should receive $8 per day, and that as soon as the defendant's job was finished a new arrangement was made whereby they were to divide equally the profits, plaintiff to pay half for three pitchers and to give the defendant $25 additional. It is claimed by the plaintiff that the rest of the threshing was done under this arrangement. It is not disputed that the plaintiff collected some forty odd dollars from Kirshman for the threshing done for him.

Both during the progress of the trial and after the parties had rested, the plaintiff moved for a dismissal of the counterclaims on the ground that the evidence showed these items to be involved in partnership transactions in the operation of the rig. The motion was allowed at the close of the case.

The pleadings filed in the case do not foreshadow any equitable issues. The claim that an accounting of the partnership transactions would be necessary to determine the balance owing from the plaintiff to the defendant is based upon the plaintiff's evidence. An examination of the record leads us to the conclusion that there would be no occasion for an equitable accounting in this case. Even conceding that the arrangement between the parties was as testified to by the plaintiff, and that it amounted technically to a special partnership, it does not follow that an equitable accounting would be necessary to determine what was owing by one party to the other. It is a well-established principle that one partner may sue another in an action at law where the partnership is terminated, and the claim sued upon is one that can be adjudicated without the necessity of an extensive accounting, as where the transactions are few and simple and the items requiring adjudication are not numerous. Irish v. Shelson, 16 Ind. 365; Clarke v. Mills, 36 Kan. 393, 13 Pac. 569; Frith v. Thomson, 103 Kan. 395, L.R.A.1918F, 1123, 173 Pac. 915. This principle is clearly applicable here, and the trial court should have determined the entire controversy. Since this principle is clearly decisive of the case on appeal, it is unnecessary to consider the points presented upon the argument relative to the equitable jurisdiction of justices of the peace and the derivative character of the jurisdiction of district courts in cases appealed from justice courts.

It follows that the trial court erred in allowing the motion for dismissal of the counterclaims. The case is therefore remanded for fur-

ther proceedings not inconsistent with this opinion.   The appellant is entitled to statutory costs on this appeal.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

BRONSON and GRACE, JJ., concur in the result.