**CHIPLEY et al. v. SMITH.** (No. 763–4734.)

(Commission of Appeals of Texas, Section B. Feb. 23. 1927.)

1. **Pleading ⊕⇒34(3)—All reasonable intendments must be indulged, in support of pleading attacked generally for insufficiency.**

In testing sufficiency of pleading against general demurrer, all reasonable intendments arising therefrom must be indulged in favor of sufficiency of allegations.

2. **Pleading ⊕⇒214(4)—On demurrer, facts alleged and arising by reasonable intendment from petition must be considered true.**

Where petition is met by general demurrer, facts alleged and those arising by reasonable intendment from petition must be considered true.

3. **Partnership ⊕⇒108—Where partnership formed for single venture terminated leaving no complicated accounts, held, partner could sue copartner for conversion without first having equitable accounting.**

Where partnership was formed to carry out a single venture not involving complicated accounts and has terminated on completion of transaction, held, partner could sue copartner at law for conversion of profits without first having equitable accounting.

Appeal from Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Lora A. Chipley and husband against Morton J. Smith and others. From a judgment of the Court of Civil Appeals (287 S. W. 156), reversing a judgment for plaintiffs on appeal by named defendant only, they appeal. Reversed.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellants.

Lockhart & Garrard, of Lubbock, and Wm. Boyce and Wm. Q. Boyce, both of Amarillo, for appellee.

POWELL, P. J. The nature and result of this case have been fully stated by the Court of Civil Appeals. See 287 S. W. 156. It is unnecessary for us to restate the case at length in our opinion. The nature thereof is summarized as follows in the petition for writ of error:

"The plaintiff in error Lora A. Chipley joined by her husband, H. D. Chipley, plaintiffs below, sued Morton J. Smith, defendant below, alleging that her former husband, R. Taylor Woodson, owned a one-fourth interest in a contract entered into in 1921 by said H. D. Chipley with one Minnie Slaughter Veal whereby the said H. D. Chipley was to divide 19,617 acres of land owned by the said Mrs. Veal into the east half and the west half and by December 1, 1922, sell all of said land, so that the east half would net $15 per acre and the west half $10 per acre, to the said Mrs. Veal; that the said Chipley was to receive the profits in the sale of said land; that the said Mrs. Veal allowed $1 per acre as expenses; that said lands were sold out by the expiration of the contract on December 1, 1922; that thereafter by duly executed assignments defendant, Morton J. Smith, became the owner of three-fourths interest in said contract and R. Taylor Woodson the owner of the remaining one-fourth interest; that the profits made out of the east half were $40,000; that plaintiff's husband died shortly thereafter and defendant converted the plaintiff's one-fourth interest, to her damage in the sum of $10,000, for which sum judgment was rendered for the plaintiff by the trial court, but reversed by the Court of Civil Appeals."

The Court of Civil Appeals, in its original opinion, still on file among the papers in this case, affirmed the judgment of the trial court. On rehearing, that court, speaking through the same Associate Justice, withdrew its original opinion and reversed the judgment of the district court and remanded the cause for another trial. Its final conclusion was that the district court should have sustained the general demurrer to the petition. The controlling question before us is whether or not the petition in the trial court did state a cause of action.

[1, 2] In its original opinion, the Court of Civil Appeals states the law correctly as follows:

"In testing the sufficiency of a pleading against a general demurrer, all reasonable intendments arising therefrom must be indulged in favor of the sufficiency of the allegations. County of Caldwell v. Crockett et al., 68 Tex. 321, 4 S. W. 607; Davis v. Burkholder et ux. [Tex. Civ. App.] 218 S. W. 1101; Interstate Casualty Co. v. Hogan [Tex. Civ. App.] 232 S. W. 354; Humphreys Oil Co. v. Liles et al. [Tex. Com. App.] 277 S. W. 100.

"The facts alleged in the petition and arising therefrom by reasonable intendment must be considered true. Verhalen et al. v. Klein et al. [Tex. Civ. App.] 268 S. W. 975."

The Court of Civil Appeals, in its final opinion, does not renounce aforesaid principle. But it does hold as follows:

"Under the well-established doctrine that one partner may not sue another in respect to matters growing out of partnership business without a settlement and accounting of the partnership affairs, it is our opinion that this assignment must be sustained. Danforth v. Levin (Tex. Civ. App.) 156 S. W. 569; Merriwether v. Hardeman, 51 Tex. 436; Lockhart

v. Lytle, 47 Tex. 452; 20 R. C. L. 194, § 130; 21 A. L. R. notes, p. 21.

"Appellee in her petition sets up sufficient facts to disclose a conversion by appellant of her alleged interest in the cash and notes received by him from Mrs. Veal on the east half of said 19,617.28 acres of land, but for a conversion one partner is not allowed to maintain a suit at law against the other partner; his only remedy being a suit at equity for an accounting. Snyder v. Slaughter (Tex. Civ. App.) 208 S. W. 974; 21 A. L. R. subd. 8 of the annotations, p. 121."

[3] The Court of Civil Appeals has undoubtedly correctly stated the general rule, but it has apparently overlooked a well-defined exception to the general rule, and which exception exactly fits the facts in the case at bar. That exception is stated as follows in 21 A. L. R. page 60:

"The authorities are in quite general, although not full, accord that, when the partnership is formed to carry out a single transaction or venture, the same is fully closed, and does not involve complicated accounts, one partner may maintain an action at law against his copartner for his share of the profits or losses of the venture, without first having a formal accounting."

The author of aforesaid note then cites numerous federal and state decisions supporting the text. One decision cited is that of our own Supreme Court in the case of Glass v. Wiles, 14 S. W. 225. Since the Court of Civil Appeals has referred to this very line of authorities in 21 A. L. R., it is interesting to quote the conclusion of the author at the very outset of his note, at page 22, as follows:

"Briefly summarized, as the result of an examination of the great number of cases which have passed upon the broad question under consideration, it may be said that claims arising out of agreements looking to the formation of a partnership are the subject of actions at law, but that such an action, in the absence of an accounting or express promise, cannot be maintained with respect to partnership transactions. However, this broad general rule is subject to many exceptions—such, for instance, as where the partnership was formed for the carrying out of a single venture or transaction, or the action involves a segregated or single unadjusted item of account, or a personal covenant or transaction entirely independent of the partnership affairs. These exceptions, of course, are based upon the theory that such cases do not necessarily involve an accounting, and, therefore, that resort need not be had to an equity forum. Broadly speaking, it might be said that one partner may maintain an action at law against a copartner if the relief sought does not involve the taking of an accounting of complicated or numerous partnership transactions, but not if such accounts are involved."

In the case of Zimmerman v. Lehr, 46 N. D. 297, 176 N. W. 837, 21 A. L. R. 8, the Supreme Court of North Dakota speaks as follows:

"Even conceding that the arrangement between the parties was as testified to by the plaintiff, and that it amounted technically to a special partnership, it does not follow that an equitable accounting would be necessary to determine what was owing by one party to the other. It is a well-established principle that one partner may sue another in an action at law where the partnership is terminated and the claim sued upon is one that can be adjudicated without the necessity of an extensive accounting, as where the transactions are few and simple, and the items requiring adjudication are not numerous. Irish et al. v. Snelson, 16 Ind. 365; Clarke v. Mills, 36 Kan. 393, 13 P. 569; Frith v. Thomson, 103 Kan. 395, 173 P. 915, L. R. A. 1918F, 1123."

The last authority cited in the last quotation is Frith v. Thomson, 103 Kan. 395, 173 P. 915, L. R. A. 1918F, p. 1123. That case upholds this exception. The Supreme Court of Kansas, speaking through its Chief Justice, held as follows:

"The defendant complains of rulings on the petition, evidence, and instructions which permitted the plaintiff to proceed in this action for conversion without first having an accounting between partners. If the suit involved the adjustment of complicated accounts in which an ordinary legal remedy was inadequate, an accounting might have been warranted; but, there is no necessity of resorting to an accounting where full inquiry may be made and justice secured through the ordinary legal remedies. Here there was but a single adventure; there was no complexity of accounts; no difficulty for a jury to understand and determine the questions involved; the relationship had been terminated; and hence there was no occasion for employing the methods of investigation peculiar to courts of equity. It has been determined that, where a single partnership transaction is involved, an accounting between the parties is not necessary. Pettingill v. Jones, 28 Kan. 749. In another case it was ruled that when the dealings between partners embraced but a few items or transactions and were not such as to make an adjustment of their dealings difficult, the ordinary legal remedies were adequate, and resort to equity was unnecessary. Clarke v. Mills, 36 Kan. 393, 13 P. 569. Here there was a repudiation of the partnership relation and denial that the plaintiff had any interest in the adventure, and a wrongful appropriation of the firm assets, and for such a wrong an appropriate action at law is maintainable. 30 Cyc. 468."

The annotations on this last case approve the holding.

The case at bar is in point on the facts. One partner had died. The partnership was terminated. It was a special partnership, involving a single adventure. Upon this point, the Court of Civil Appeals, in its original opinion, said:

"Where parties engage in a joint adventure, one of the coadventurers thereto at its close may maintain an action at law against the other for a share of the profits, and a formal accounting is not necessary. 2 Rowley on the Law of Partnership, pars. 748 and 990.

"If the time specified in a joint adventure expires, such adventure is ipso facto dissolved. Same authority, par. 988.

"If one partner has secured possession of the notes belonging to the firm, he may be charged the face value thereof without distinguishing the collectable from the doubtful. Bates on the Law of Partnership, par. 984.

" 'Any distinct act or dominion wrongfully asserted over one's property in denial of his right or inconsistent with it, is a conversion.' Crawford v. Thompson et al. [53 Tex. Civ. App. 561] 117 S. W. 181; Gaw v. Bingham [Tex. Civ. App.] 107 S. W. 931; Edward v. Thannisch [Tex. Civ. App.] 254 S. W. 523.

"Appellant held these notes in his fiduciary capacity, and having converted them to his own use, he was liable to appellee for the value of her interest. Morris v. Smith [51 Tex. Civ. App. 357] 112 S. W. 130."

From what we have already said, it is clear to us that the plaintiff in the trial court had the right to bring this suit in law for conversion. Since the Court of Civil Appeals admits that the plaintiff filed a petition sufficient as for conversion, then that court erred in finally holding that the general demurrer should have been sustained. It should be noted, also, that the petition, on its face, shows that this was a single adventure partnership and that the partnership had terminated by the death of one of the partners. It was also shown that the partnership had terminated by the very terms of this land contract. Of course, if Smith had had any offsets against the alleged profits recovered, he could and should have pleaded them. But he rested his case upon other defenses.

In its original opinion, the Court of Civil Appeals correctly disposed of all the assignments and affirmed the judgment of the district court. In its final opinion, it adhered to its former opinion except in the one respect we have discussed at length.

For the reasons stated, we recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed, as recommended by the Commission of Appeals.