**MITCHELL RESORT ENTERPRISES, INC., et al., Appellants,**

v.

**C & S BUILDERS, INC., Appellee.**

**No. 5144.**

Court of Civil Appeals of Texas, Eastland.

Aug. 17, 1978.

Rehearing Denied Sept. 21, 1978.

James V. Hammett, Jr., (appeal only) Stubbeman, McRae, Sealy, Laughlin & Browder, Kirt H. Kiester, Law Offices of J. Hubert Lee, Austin, for appellants.

Robert J. Werner and Thomas H. Watkins, Hilgers, Watkins & Hays, Austin, for appellee.

RALEIGH BROWN, Justice.

C & S Builders, Inc., sued Mitchell Resort Enterprises, Inc., Mitchell Development Corporation of the Southwest and William Canfield seeking recovery of "the reasonable profit to the joint ventures" between the parties and punitive damages because of defendants' conduct. Plaintiff's motion for nonsuit as to Canfield was granted. Based on the jury's verdict, judgment was entered in favor of C & S for $75,000 lost profits and $200,000 exemplary damages. Mitchell Resort and Mitchell Development appeal. We reverse and remand.

The parties entered into joint venture agreements for the construction and sale of High Point and Comanche Point Townhouses. The terms of the agreements generally provided that C & S was to construct the townhouses within a certain cost range and appellants were to provide the land, financing and marketing of the constructed townhouses. Upon sale of a townhouse, appellants were to receive a payment for land cost, a proportionate share of the interim financing was to be paid, and the profits remaining after payment of sales commissions and closing costs were to be split equally between the parties.

C & S became dissatisfied with the results of the sales of the townhouses. It contended that the Mitchell entities failed to provide as effective a sales program as a person using ordinary care would have provided under the same or similar circumstances; that such failure was intentional; and, was motivated by malice, in an effort to squeeze out fellow joint venturers.

The jury found (1) that the Mitchell entities failed to provide as effective a sales program as a person using ordinary care would have; (2) that such failure was intentional; (3) that such failure was the proximate cause of loss of profit to the townhouses joint ventures; (4) that C & S's 50% of the lost profit was $75,000; (5) that the failure was motivated by malice on the part of Mitchell entities; and, (6) C & S was entitled to $200,000 exemplary damages.

Mitchell entities contend the court erred in rendering judgment for damages because C & S failed to plead, prove or request jury findings that the partnership between the parties had been dissolved and terminated which is an essential element of a cause of action for damages between partners. We agree.

The court in *Staggers v. Vaughan,* 527 S.W.2d 791 (Tex.Civ.App.—Texarkana 1975, writ ref. n. r. e.), said:

"The law is well settled that one partner may not sue another partner on a claim arising out of partnership business until an accounting and settlement of partnership affairs is made. *Chipley v.*

*Smith,* 292 S.W. 209 (Tex.Com.App.1927, jdgmt. adopted); 44 Tex.Jur.2d, Partnership, Sec. 156; 68 C.J.S. Partnership § 108; 60 Am.Jur.2d, Partnership, Sec. 365."

In *Amberson v. Horton,* 255 S.W.2d 580 (Tex.Civ.App.—San Antonio 1953, writ ref. n. r. e.), the court said:

". . . Subject to certain exceptions, the general rule is that an accounting between partners is a condition precedent to an action on partnership claims and transactions. *Greene v. Condor Petroleum Co.,* Tex.Civ.App., 121 S.W.2d 381, reversed on other grounds, Com.App., 135 Tex. 215, 140 S.W.2d 844; *Miller v. Howell,* Tex.Civ.App., 234 S.W.2d 925; *Rose v. Motes,* Tex.Civ.App., 220 S.W.2d 734; *Warner v. Winn,* Tex.Civ.App., 191 S.W.2d 747; *Masterson v. Allen,* Tex.Civ. App., 69 S.W.2d 539. See Annotation 168 A.L.R. 1088; 68 C.J.S. Partnership §§ 110, 374, 407; 32 Tex.Jur., Partnership, § 210."

The court in *Chipley v. Smith,* 292 S.W. 209 (Tex.Com.App.1927), recognized exceptions to the general rule quoting from 21 A.L.R. page 22 as follows:

" ' . . . However, this broad general rule is subject to many exceptions—such, for instance, as where the partnership was formed for the carrying out of a single venture or transaction, or the action involves a segregated or single unadjusted item of account, or a personal covenant or transaction entirely independent of the partnership affairs. These exceptions, of course, are based upon the theory that such cases do not necessarily involve an accounting, and, therefore, that resort need not be had to an equity forum. Broadly speaking, it might be said that one partner may maintain an action at law against a copartner if the relief sought does not involve the taking of an accounting of complicated or numerous partnership transactions, but not if such accounts are involved.' "

C & S argues the applicability in the instant case of one of the exceptions to the general rule. We disagree.

This is not a case where the cause of action is not connected with partnership accounts and is distinct and separate from partnership dealings. *Schwarz v. Lee,* 287 S.W. 519 (Tex.Civ.App.—Fort Worth 1926, writ dism'd); *Clamp v. Nolan,* 300 S.W. 105 (Tex.Civ.App.—San Antonio 1927, no writ); *Hoffman v. Godlin,* 128 S.W.2d 865 (Tex. Civ.App.—El Paso 1939, no writ). Nor is the case one in which the partnership involves a single venture which is completed. *Chipley v. Smith,* supra; *Mullins v. Archer,* 176 S.W.2d 763 (Tex.Civ.App.—Amarillo 1943, no writ). Neither is the instant case one for breach of a contract to form a partnership where the partnership has never existed. *Morgan v. Steinberg,* 23 S.W.2d 527 (Tex.Civ.App.—Amarillo 1929, no writ). This partnership was formed to build and sell townhouses. C & S seeks lost profits to that partnership.

C & S contends that it is not suing for assumpsit or breach of contract, but on breach of a fiduciary duty and negligence. Its claim, however, either in contract or tort, involves partnership affairs and the ultimate purpose of the partnership. C & S's pleadings disclose a partnership relationship existing between it and Mitchell Enterprises; a partnership that has not been terminated; the claim sued upon is not one separate and distinct from partnership affairs, nor does the partnership involve a single completed venture bringing the claim within an exception to the general rule, but to the contrary the claim involves loss of profits to the partnership.

As stated in 44 Tex.Jur.2d Partnership § 156, citing *Chipley v. Smith:*

"An accounting and settlement between partners is generally a condition precedent to an action by one against another based on partnership claims and transactions. For this reason a suit for a share of property or profits or an action for contribution to losses or debts may not be maintained by a partner."

C & S having failed to plead or prove an accounting and settlement of partnership affairs, the court erred in rendering judgment for damages against Mitchell Enterprises. This holding makes it unnecessary for us to consider appellants' other points of error.

C & S argues that since Mitchell Enterprises failed to specifically except to such lack of pleading or proof, the defect has been waived. We disagree. In its motion for an instructed verdict, appellants contended, "There is no pleading for an accounting and that a plea in accounting is a condition precedent and/or mandatory pre-requisite to the plaintiff's cause of action . . . ."

Rule 90, T.R.C.P., provides that defects in pleadings are not waived if brought to the attention of the trial court before the instruction or charge is read to the jury. In the instant case, appellants' motion for an instructed verdict was brought to the attention of the trial court before the charge was read to the jury and was timely made. *Stephens v. Lott,* 339 S.W.2d 405 (Tex.Civ. App.—San Antonio 1960, no writ); 2 Mc-Donald, Texas Civil Practice § 5.18.

We reverse the judgment of the trial court and remand the cause.