Sam **KARTALIS**, Appellant,

v.

**COMMANDER WAREHOUSE JOINT VENTURE**, Appellee.

No. 05–88–01190–CV.

Court of Appeals of Texas, Dallas.

June 2, 1989.

Rehearing Denied July 11, 1989.

Kristina Geiser, Kenneth F. Nye, Dallas, for appellant.

Richard D. Pullman, Dallas, for appellee.

Before ROWE, McCLUNG and BAKER, JJ.

ROWE, Justice.

Commander Warehouse Joint Venture sued Sam Kartalis to recover estimated operating expenses pursuant to a joint venture agreement. After a non-jury trial, the trial court granted judgment in favor of Commander for $7,503.71 damages, $1,278.51 prejudgment interest, and $3,065.00 attorney fees. In three points of error, Kartalis complains that the trial court erred: 1) in overruling his plea in abatement because no accounting had occurred prior to institution of the lawsuit; 2) in finding that all common law conditions precedent had occurred because no accounting had occurred prior to institution of the lawsuit; and 3) in finding that all contractual conditions precedent had occurred because Commander had failed to comply with certain conditions precedent required by the joint venture agreement. For the reasons discussed below, we overrule these points of error and affirm the trial court's judgment.

### Background

In July 1981, Commander was formed as a joint venture to acquire, own, develop, and operate a particular tract of land and to provide management and financial arrangements for the joint venture's business. Two of the four venturers were Kartalis and the venture's manager, Herbert D. Weitzman. Pursuant to the joint venture agreement, each venturer agreed to pay his pro rata share of all costs, expenses, or charges for the operation and maintenance of the venture's property. In addition, the agreement authorized the venture manager to estimate cash requirements for three months in advance and to request payment from each venturer of his pro rata share. The agreement required each venturer to pay such "cash calls" within ten days after receiving them.

For approximately six years, Kartalis paid all of the "cash calls" that he received from Weitzman. In September 1986, Kartalis stopped paying the "cash calls." Commander filed suit against Kartalis to recover the estimated assessments. In his answer, Kartalis denied that all conditions precedent as required by the joint venture agreement had been met, but did not specifically allege which conditions had not occurred. Kartalis also filed a plea in abatement asserting his right to an accounting of the joint venture as a prerequisite to the maintenance of the suit. The trial court overruled the plea in abatement and proceeded to trial. At trial, Kartalis introduced no evidence, but reasserted his claim for an accounting and argued that Commander failed to comply with various provisions of the joint venture agreement.

### Accounting

In his first two points of error, Kartalis contends that he was entitled to an accounting of the joint venture as a condition precedent to this lawsuit. A joint venture is generally governed by the same principles of law as apply to partnerships. *See Truly v. Austin*, 744 S.W.2d 934, 938 (Tex.1988) (Kilgarlin, J., concurring); *Brown v. Cole*, 155 Tex. 624, 631, 291 S.W.2d 704, 709 (1956); *Heinrich v. Wharton County Livestock, Inc.*, 557 S.W.2d 830, 833 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). One well-settled principle of partnership law is that one partner may not sue another with respect to matters arising out of the partnership business without a settlement and accounting of partnership affairs. *Chipley v. Smith*, 292 S.W. 209, 209 (Tex.Comm'n App.1927, judgm't adopted); *Mitchell Resort Enters., Inc. v. C & S Builders, Inc.*, 570 S.W.2d 463, 464 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). In Texas,[1] this

---

**1.** Several American jurisdictions recognize that a distinctive characteristic of a joint venture, as opposed to a partnership, is the right to sue at law without resort to the equitable remedy of an accounting. *See, e.g., Joring v. Harriss*, 292 F. 974, 978 (2nd Cir.1923); *Bigelow v. McMillin*,

principle is applied to joint ventures as well. *See Rice v. Lambert,* 408 S.W.2d 287, 291 (Tex.Civ.App.—Corpus Christi 1966, no writ).

■ One broadly recognized exception to this general rule is that one joint venturer may sue another at law without resort to an accounting where the case is so simple and free from complexity that it can be disposed of easily. 48A C.J.S. *Joint Ventures* § 46 (1981); *see Chipley,* 292 S.W. at 210; 2 A. BROMBERG & L. RIBSTEIN, BROMBERG & RIBSTEIN ON PARTNERSHIPS § 6.08 (1988); *accord, Elsbach v. Mulligan,* 58 Cal.App.2d 354, 136 P.2d 651, 660 (1943); *Brooks v. Watson,* 287 Ill.App. 367, 4 N.E.2d 876, 877–78 (1936). Applying this exception, Texas courts allow a joint venturer who has been injured by his coventurer's default in not paying his share of expenses to maintain an action at law to recover such expenses without the necessity of an accounting. *Champion v. D'Yarmett,* 293 S.W. 587, 588 (Tex.Civ. App.—Amarillo 1927, writ ref'd); *see Dunning v. Badger,* 74 S.W.2d 151, 155–56 (Tex.Civ.App.—El Paso 1934, writ dism'd); 47 TEX.JUR.3d *Joint Ventures* § 15 (1986).

■ In this case, the joint venture sued Kartalis to recover Kartalis's share of the estimated operating expenses pursuant to an express provision of the joint venture agreement. The assessments represented the basic costs necessary to maintain a raw tract of land. As such, this case was so simple and free from complexity that the trial court had no trouble disposing of it on the merits. This is precisely the kind of case for which an accounting is unnecessary. We hold that Kartalis was not entitled to an accounting of the joint venture as a condition precedent to this lawsuit. We overrule the first and second points of error.

*Contractual Conditions Precedent*

■ In his third point of error, Kartalis complains that Commander failed to comply with the conditions precedent required by the joint venture agreement. Rule 54 of the Texas Rules of Civil Procedure provides:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading shall be required to prove only such of them as are specifically denied by the opposite party.

In its first amended petition, Commander averred generally that all conditions precedent to its right to recover from Kartalis had occurred. Under Rule 54, therefore, it was only required to prove such conditions precedent as Kartalis specifically denied.

In his amended answer, Kartalis pleaded: Defendant alleges that the Plaintiff has failed to comply with each and every of the provisions of the Agreement and that all conditions precedent necessary to the maintenance of this action and, [sic] has not met all the conditions precedent necessary to the institution of this action.

Such allegation is not a specific denial as required by Rule 54.[2] With this state of the pleadings, Commander was not required to prove that any of the conditions precedent required by the joint venture agreement had occurred. Accordingly, we overrule Kartalis's third point of error.

We affirm the judgment of the trial court.

---

251 A.D. 456, 296 N.Y.S. 533, 536 (1937); *accord McCulloh v. Doyle,* 40 N.M. 126, 55 P.2d 739, 739–40 (1936); *Brudvik v. Frosaker Blaisdell Co.,* 56 N.D. 215, 216 N.W. 891, 893 (1927).

**2.** *See Hill v. Thompson & Knight,* 756 S.W.2d 824, 826 (Tex.App.—Dallas 1988, no writ). *Compare Dairyland County Mut. Ins. Co. v. Roman,* 498 S.W.2d 154, 158–59 (Tex.1973) (allega-

tion that plaintiff failed to comply with conditions of insurance policy accompanied by photocopy of policy's "conditions" section not sufficiently specific) *with Betty Leavell Realty Co. v. Raggio,* 669 S.W.2d 102, 103–04 (Tex.1984) (allegation that purchaser failed to obtain financing within twenty day period required by paragraph seventeen of contract held sufficiently specific).