Sam KARTALIS, Appellant,

v.

LAKELAND PLAZA JOINT
VENTURE, Appellee.

No. 05–88–01012–CV.

Court of Appeals of Texas,
Dallas.

Nov. 13, 1989.

Rehearing Denied Dec. 20, 1989.

Kristina Geiser Wood, Kenneth F. Nye, Dallas, for appellant.

Richard D. Pullman, Dallas, for appellee.

Before McCLUNG, KINKEADE and WHITTINGTON, JJ.

## OPINION

McCLUNG, Justice.

Lakeland Plaza Joint Venture sued Sam Kartalis to recover operational costs and cash calls claimed to be due pursuant to a joint venture agreement. After a non-jury trial, the trial court granted judgment in favor of Lakeland for $15,188.60 damages, $2,976 prejudgment interest, and $5,000 attorney fees, post judgment interest and court costs. Kartalis complains that the trial court erred: (1) in overruling his plea in abatement because no accounting had occurred prior to institution of the lawsuit; (2) in finding that all common law conditions precedent had occurred because no accounting had occurred prior to the institution of the lawsuit; (3) in finding that all contractual conditions precedent had occurred because Lakeland had failed to comply with certain conditions precedent required by the joint venture agreement; and (4) in finding that Kartalis was indebted to Lakeland for $15,888.60 because such finding was not legally or factually supported by the evidence. We affirm the trial court's judgment.

In July 1983, Lakeland was formed as a joint venture to acquire, own, develop, and operate a particular tract of land and to provide management and financial arrangements for the joint venture's business. Pursuant to the joint venture agreement, each venturer agreed to pay his pro rata share of all costs, expenses, or charges for the operation and maintenance of the venture's property. In addition, the agreement authorized the venture manager to estimate cash requirements for three months in advance and to request payment (cash calls) from each venturer according to his pro rata share within ten days after receipt.

From the inception of the joint venture through November 18, 1986, assessments were made by the Joint Venture for past and future expenses and were paid by Kartalis. Prior to the institution of this suit, Allen Birmingham, a joint venturer owning 43.875% of the venture, ceased making payments. The remaining joint venturers were assessed additional sums based upon the anticipated non-payment by Birmingham of amounts which were appropriately attributable to their percentage interest. Kartalis subsequently stopped making payment on the assessments after December, 1986. The joint venture did, at a later date, recover the full amount of past delinquencies from Birmingham in another lawsuit. This present suit was brought by the joint venture to recover the amount of the unpaid assessments from Kartalis which were surcharged to him because of Birmingham's failure to pay his pro rata share. In his answer, Kartalis denied that all condi-

tions precedent as required by the joint venture agreement had been met, specifically he denied the occurrence of an accounting and other undefined contractual conditions. Kartalis also filed a plea in abatement asserting his right to an accounting of the joint venture as a prerequisite to the maintenance of this suit. The trial court overruled the plea in abatement and proceeded to trial.

■ Kartalis first contends that he was entitled to an accounting of the joint venture as a condition precedent to this lawsuit. A joint venture is generally governed by the same principles of law as apply to partnerships. *See Truly v. Austin*, 744 S.W.2d 934, 937 (Tex.1988) (Kilgarlin, J., concurring); *Brown v. Cole*, 155 Tex. 624, 631, 291 S.W.2d 704, 709 (1956); *Heinrich v. Wharton County Livestock, Inc.*, 557 S.W.2d 830, 833 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). One well-settled principle of partnership law is that one partner may not sue another with respect to matters arising out of the partnership business without a settlement and accounting of partnership affairs. *Chipley v. Smith*, 292 S.W. 209 (Tex.Comm'n App. 1927, judgm't adopted); *Mitchell Resort Enters., Inc. v. C & S Builders, Inc.*, 570 S.W.2d 463, 464 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.) In Texas,[1] this principle is applied to joint ventures as well. *See Rice v. Lambert*, 408 S.W.2d 287, 291 (Tex.Civ.App.—Corpus Christi 1966, no writ).

■ One broadly recognized exception to this general rule is that one joint venturer may sue another at law without resort to an accounting where the case is so simple and free from complexity that it can be disposed of easily. 48A C.J.S. *Joint Ventures* § 46 (1981); *see Chipley*, 292 S.W. at 210; 2 A. BROMBERG & L. RIBSTEIN, BROMBERG & RIBSTEIN ON PARTNERSHIPS § 6.08 (1988); *accord, Elsbach v. Mulligan*, 58 Cal.App.2d 354, 136 P.2d 651, 660 (1943); See *Kartalis v. Com-*

*mander Warehouse Joint Venture*, 773 S.W.2d 393 (Tex.App.—Dallas 1989, no writ). Applying this exception, Texas courts allow a joint venturer, who has been injured by his coventurer's default in not paying his share of expenses, to maintain an action at law to recover such expenses without the necessity of an accounting. *Champion v. D'Yarmett*, 293 S.W. 587, 588 (Tex.Civ.App.—Amarillo 1927, writ ref'd); 47 Tex.Jur.3d Joint Ventures § 15 (1986).

■ In this case, the joint venture sued Kartalis to recover his share of past due assessments which included additional sums based upon the anticipated nonpayment by Birmingham, who had previously defaulted. The Joint Venture Agreement provides that the joint venturers must pay advance estimated costs pursuant to Article 7.2 when the cash flow of the venture was insufficient to satisfy the costs, expenses and charges of the joint venture. The assessments represented the basic costs necessary to maintain a shopping center. These included eight mortgage payments and the cost of two build-outs. Because this case dealt with only a few simple transactions where the expenses were basically fixed, we conclude an accounting was unnecessary. *Chipley*, 292 S.W. at 210. Even if an accounting was necessary in this case, we are persuaded that an adequate accounting was given to Kartalis through the financial statements, detailed assessment notices and tax returns which the joint venture regularly provided to him. Furthermore, Kartalis had, at all times, full access to all books and records of the joint venture. The first and second points of error are overruled.

■ Kartalis also complains that Lakeland failed to comply with the conditions precedent required by the joint venture agreement. Rule 54 of the Texas Rules of Civil Procedure provides:

---

**1.** Several American jurisdictions recognize that a distinctive characteristic of a joint venture, as opposed to a partnership, is the right to sue at law without resort to the equitable remedy of an accounting. *See e.g., Joring v. Harriss*, 292 F. 974, 978 (2nd Cir.1923); *Bigelow v. McMillin*, 251 A.D. 456, 296 N.Y.S. 533, 536 (1937); *accord McCulloh v. Doyle*, 40 N.M. 126, 55 P.2d 739, 739–40 (1936); *Brudvik v. Frosaker Blaisdell Co.*, 56 N.D. 215, 216 N.W. 891, 893 (1927).

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading shall be required to prove only such of them as are specifically denied by the opposite party.

In its first amended petition, Lakeland averred generally that all conditions precedent to its right to recover from Kartalis had occurred; therefore, it was only required to prove such conditions precedent as Kartalis specifically denied.

In his amended answer, Kartalis pleaded: Defendant alleges that the Plaintiff has failed to comply with each and every of the provisions of the Agreement and that all conditions precedent necessary to the maintenance of this action and, [sic] has not met all the conditions precedent necessary to the institution of this action. This allegation is not such a specific denial as required by Rule 54. With this state of the pleadings, Lakeland was not required to prove the occurrence of conditions precedent that may have been required by the joint venture agreement. *See Hill v. Thompson & Knight*, 756 S.W.2d 824, 826 (Tex.App.—Dallas 1988, no writ). *Compare Dairyland County Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 158–59 (Tex.1973) (allegation that plaintiff failed to comply with conditions of insurance policy accompanied by photocopy of policy's "conditions" section not sufficiently specific) *with Betty Leavell Realty Co. v. Raggio*, 669 S.W.2d 102, 103–04 (Tex.1984) (allegation that purchaser failed to obtain financing within twenty day period required by paragraph seventeen of contract held sufficiently specific). Accordingly, we overrule Kartalis's third point of error.

 Finally, Kartalis asserts that the trial court's finding that he was indebted to Lakeland in the amount of $15,888.60 was not legally or factually supported by the evidence. When both "no evidence" and "insufficient evidence" points of error are raised in the Court of Appeals, we rule on the no evidence point first. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex. 1981). In determining a "no evidence" point, we consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *Baker v. Baker*, 719 S.W.2d 672, 675 (Tex.App.— Fort Worth 1986, no writ). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). In this case Kartalis testified that he did not pay the eight monthly assessments beginning in December of 1986 through and including July of 1987. The record before us shows assessments were sent to Kartalis by the joint venture on a monthly basis and totaled $15,888.60. Clearly, there was some evidence to support the court's finding that Kartalis was indebted to Lakeland in the amount of $15,-888.60 and we so hold.[2]

 In determining an "insufficient evidence" point we consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Kartalis testified that he executed the Lakeland Joint Venture Agreement on or about July of 1983, thereby agreeing to comply with all of its terms. Article 7.2 of the agreement provides that the venture manager is authorized to estimate the cash requirements of the joint venture for a period of up to three months in advance and request payment of each joint venturer's pro rata share of such estimated cash requirements, and each joint venturer agrees that he will pay the same within ten days after delivery to him of a statement. Kartalis was a three percent owner in the venture and was, therefore, responsible for that amount

2. We note that there appears to be an inconsistency in the judgment as to the exact amount of indebtedness, $15,888.60 or 15,188.60. This inconsistency is also carried in the brief of the appellant. We conclude that the evidence supports the judgment in the amount of $15,888.60 and that $15,188.60 was typographical error.

of the cash requirements. Kartalis appears to argue that there was not sufficient evidence to show he was responsible for Birmingham's pro rata share, once Birmingham defaulted, and that he was not responsible for these additional assessments once Birmingham paid all of the money he owed to the joint venture. Article 7.2 of the Joint Venture Agreement, which Kartalis signed, states that "if the estimate paid by the joint venturers exceeds the actual cost expenditures for such period, the venture manager may either refund such excess to the joint venturers ... or apply the same against the estimated cash requirements of the joint venture for the next succeeding period of up to three months." In this case the venture manager chose to do the latter.

After considering all of the relevant evidence, we conclude that there was sufficient evidence to support the award and thereby the judgment was not so contrary to the evidence to be clearly erroneous or unjust. The fourth point of error is overruled.

The judgment of the trial court is affirmed.

